THE STATE OF MISSOURI, Respondent, *v.* JOHN S. HEALY, Appellant.

1. *Criminal law — Embezzlement — Agency — Purchase of land with title in abeyance.*—An agent who converts to his own use money intrusted to him by his principal for the purchase of land, is guilty of embezzlement. And the case is not altered by reason of the fact that the land contracted for proved to be in litigation, and that the title was for that cause in abeyance.

*Appeal from St. Louis Criminal Court.*

*J. C. Moody*, with who'm were *Hunter* and *Macdonald*, for appellant, cited 2 Bish. Cr. Law, § 280–315 ; 2 Russ. Crimes, 167–72 ; 5 Denio, 76 ; 7 and 8 Geo. IV, ch. 29, § 47; 6 Conn. 9 ; 3 Paine, 423 ; 7 Paine, 833 ; 3 Carr. & P. 422 ; 7 Carr. & P. 281 ; 14 Eng. Com. Law Rep. 277; 22 *id.* 759 ; 41 *id.* 274 ; 47 *id.* 63.

*C. P. Johnson*, Circuit Attorney, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted and convicted of the crime of embezzlement. It seems that he was an examiner of titles and negotiator of loans, and, as such, undertook to purchase a lot for one Tobin. He contracted for the lot at the sum of $4,000, and as Tobin did not have the money to pay for the same, defendant negotiated a loan for that amount, and Tobin secured its payment by executing a deed of trust on certain property which he owned. This deed of trust defendant took and placed on record, and still retained the money in his hands. After concluding the contract for the purchase of the lot it was discovered that there was a defect in the title, and so the contract could not be consummated and carried out. Healy, the defendant, kept the money which he had borrowed for Tobin, and refused to pay it over to Tobin, and admitted that he had met with some misfortune, and used the money for his private benefit. When the note that Tobin gave for the loan became due, he was unable to pay it, and his property was sold under the deed of trust. The title to the lot was in litigation, and whether the contract of purchase could ever be completed depended upon the event of the suit. The only ground now urged for a reversal is that the defendant could not legally be convicted because there was no one rightfully entitled to receive the money. But this is clearly a mistake. As the person who sold the lot could not make a title he could not receive the money and had no claim to it. The money was then the absolute property of Tobin, and should have been paid over

on demand, and defendant's refusal to pay and conversion of the money rendered him liable. He was the agent and employee of Tobin, and accountable to him only. It was no concern of his what the relations of the vendor of the lot and Tobin might subsequently be. He had Tobin's money, and he illegally kept and converted it to his own use. There is obviously no error in the record.

Judgment affirmed. The other judges concur.